## DISTRICT COURT OF THE VIRGIN ISLANDS

## DIVISION OF ST. CROIX

CHRISTIAN O. CHRISTENSEN,

                               Plaintiff,           1:09-cv-70

    v.

HYATT CORPORATION,

                               Defendant.

TO:    Jeffrey B.C. Moorhead, Esq.
         Douglas L. Capdeville, Esq.

### ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER

THIS MATTER is before the Court upon Defendant Hyatt Corporation's Motion to Transfer Due to Forum Nonconviens [sic] (Docket No. 3). The time for filing a response to said motion has expired.

Defendant seeks a transfer of venue to the United States District Court for the District of Columbia, pursuant to 28 U.S.C. § 1404(a), based upon the fact that the underlying incident occurred in Washington, D.C.; Plaintiff maintains a "part-time" residence there; and the majority of liability witnesses are located in Washington, D.C. Amended Memorandum of Law in Support of Hyatt Corporation's Motion to Transfer Due

to Forum Nonconviens [sic] (Docket No. 6) at 4-5 (hereinafter, Amended Memorandum in Support).

## DISCUSSION

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).[1] A motion to transfer venue pursuant to 28 U.S.C. § 1404(a) is within the broad discretion of the Court. *Elbeco, Inc. v. Estrella de Plato, Corp.*, 989 F. Supp. 669, 679 (E.D. Pa. 1997); *see also Fortay v University of Miami*, Civ. A. No. 93-3443, 1994 WL 62319 at *8 (D.N.J. February 17, 1994) (quoting *Lony v. E.I. DuPont de Nemours & Co.*, 886 F.2d 628, 632 (3d Cir. 1989)) (" The decision whether to transfer an action rests in the sound discretion of the trial court 'appraising the practical inconvenience posed to the litigants and to the court should a particular action be litigated in one forum or another'").

[C]ourts have considered many variants of the private and public interests protected by the language of § 1401(a).

The private interest have included: plaintiff's forum preference as manifested in the original choice . . .; the defendant's preference . . .; whether the claim arose elsewhere . . .; the convenience of the parties as indicated by their relative physical and financial condition . . .; the convenience of the witnesses--but only to the extent that the witnesses may actually be

---

1. All references to the United States Code are to the electronic versions that appear in Westlaw.

unavailable for trial in one of the fora . . .; and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum) . . . .

The public interests have included: the enforceability of the judgment . . . ; practical considerations that could make the trial easy, expeditious, or inexpensive . . . ; the relative administrative difficulty in the two fora resulting from court congestion . . .; the local interest in deciding local controversies at home . . .; the public policies of the fora . . .; and the familiarity of the trial judge with the applicable state law in diversity cases.

*Jumara v. State Farm Ins. Co..*, 55 F.3d 873, 879-80 (3d Cir. 1995) (citations omitted). As this Court recently stated, the "court must balance all of the relevant factors and determine whether a transfer of venue would best serve all the private and public interests." *Kendricks v. Hertz Corp.*, Civ. No. 2005-0164, 2008 WL 3914135 at *3 (D.V.I. August 18, 2008) (citation omitted).

## **Private interest factors**

It is well established that Plaintiff's preference is to be given great weight. *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir.1970). It is also true that "'[p]laintiff's choice of forum merits less deference when none of the conduct complained of occurred in plaintiff's selected forum,'" *Lomanno v. Black*, 285 F. Supp. 2d 637, 644 (E.D. Pa. 2003) (quoting *Rowles v. Hammermill Paper Co., Inc.*, 689 F.Supp. 494, 496 (E.D. Pa.1988)).

The general rule favors the forum "which is the center of the accused activity." *S.C. Johnson & Son, Inc. v. Gillette Co.*, 571 F. Supp. 1185, 1187-88 (Ill. 1983). The complaint in the matter at bar alleges injury caused by a "slip and fall that occurred at Grand Hyatt Washington . . . located at 1000 H Street N.W., Washington, D.C. 20001." Amended Memorandum in Support at 1. Thus, this factor weighs in favor of transfer to the District of Columbia.

Weighing the convenience of the parties, the Court finds that, while Plaintiff resides in the Virgin Islands, he maintains a part-time residence in Washington, D.C. Defendant does not reside or is otherwise located in the Virgin Islands. "[W]here disparity exists between the parties, such as an individual plaintiff suing a large corporation, the relative means of the parties may be considered." *Berman v. Informix Corp.*, 30 F. Supp. 2d 653, 659 (S.D.N.Y. 1998) (*citing Hernandez v. Graebel Van Lines*, 761 F.Supp. 983, 989 (E.D.N.Y. 1991)); *see also Pall Corp. v. PTI Technologies, Inc.*, 992 F. Supp. 196, 200 (E.D.N.Y. 1998) ("The court may also consider . . . whether a disparity between the parties exists with respect to their relative means, such as in the case of an individual plaintiff suing a large corporation"). Although Defendant has indicated its preference to litigate in Washington, D.C., as a corporate entity, they are in a better position to absorb the costs of litigating in the Virgin Islands. Therefore, this factor weighs against transfer.

With regard to the final private interest factor, the Court observes that the "convenience to witnesses weighs heavily in making a decision regarding a motion to transfer venue." *Gonzalez v. Electronic Control Systems, Inc.*, No. Civ. 93-3107, 1993 WL 372217 at *4 (E.D. Pa. September 17, 1993) (citation omitted) (cited in *Fellner ex rel. Estate of Fellner v. Philadelphia Tobaggan Coasters, Inc.*, No. Civ. A. 05-1052, 2005 WL 2660351 at *5 (E.D. Pa. October 18, 2005) (slip op.)). Defendant's Amended Memorandum in Support notes that the only liability witnesses located in the United States Virgin Islands are Plaintiff and his wife. Amended Memorandum in Support at 8. Courts in the Third Circuit have held that "the convenience of liability witnesses is of greater significance." *Colantonio v. Hilton Int'l Co.*, 2004 WL 1810291 at *6 (E.D. Pa. Aug. 12, 2004). "Even where 'the overwhelming number of plaintiff's possible witnesses include medical professionals who treated plaintiff subsequent to the accident,' the case may be transferred because damage testimony would become relevant only if plaintiffs were to succeed on liability." *Schmidt v. Leader Dogs for the Blind, Inc.*, 544 F. Supp. 42, 48 (E.D. Pa. 1982) ( *quoting Bartolacci v of the Presiding Bishop of the Church of Jesus Christ of the Latter-Day Saints*, 476 F. Supp. 3384 (E.D. Pa. 1979)); *see Colantonio*, 2004 WL 1819291 at *6.

In addition, the Court must give consideration to the 100 mile reach of the subpoena power and whether or not the witnesses are employees of a party and their presence can

be obtained by that party. *Jackson v. Executive Airlines, Inc.*, 2001 U.S. Dist. LEXIS 8004 at

*12 (D.V.I. June 7, 2001) (*citing* Charles Alan Wright, Arthur R. Miller & Edward H. Cooper,

*Federal Practice and Procedure* 15 § 3851 (2d ed. 1986)). Defendant states that most of the

liability witnesses reside or work in Washington, D.C., including the individuals associated

with administering emergency medical treatment to Plaintiff who are not employed by

Defendant, as well as eyewitnesses who attended the same event as Plaintiff at the time of

the incident. Consequently, the Court finds that the convenience of the witnesses factor

weighs in favor of transfer.

The physical evidence of records and other documents can easily be transported or

otherwise obtained; thus, the Court finds that this factor merits less weight. *See, e.g.,*

*Gonzalez v. Electronic Control Systems, Inc.*, No. CIV. 93-3107, 1993 WL 372217 at *4 (E.D. Pa.

September 17, 1993). However, the situs of the underlying incident, the lobby of the Grand

Hyatt Washington, is located in Washington, D.C., and a site visit or examination may only

occur there. In this matter a site visit or examination may be helpful to a jury as Plaintiff

alleges that the "color combination of the tiles, the lagoon and the edge of the lagoon on

the lower level of the Grand Hyatt Washington Hotel obscured the open and obvious

danger of the lagoon among the massive crowd to see if one is unfamiliar with the area of

the lagoon." Complaint at para 26. The Court concludes that this factor favors transfer.

**Public interest factors**

The public interest factors of concern in the matter at bar include choice of law and the local interest in deciding local controversies. Because Plaintiff chose to file his complaint here, Virgin Islands choice of law principles apply. *See, e.g., Klaxon Co. V. Stentor Electrical Mfg. Co.*, 313 U.S. 487, 496-97 (1941) (holding that federal courts are required to apply conflict of law principles of forum state in a diversity case). Pursuant to V.I. Code Ann. tit. 1 § 4, the Virgin Islands looks to the Restatement of Laws to resolve choice of law questions. Section 146 of the *Restatement (Second) Conflict of Laws* provides in relevant part:

> In an action for a personal injury, the local law of the state where the injury occurred determines the rights and liabilities of the parties, unless, with respect to the particular issue, some other state has a more significant relationship under the principles stated in § 6 to the occurrence and the parties, in which event the local law of the other state will be applied.

*Restatement (Second) Conflict of Laws* § 146 (1971). However, only in rare cases is a jurisdiction other than that in which the conduct and injury occurred more significant. *Berry v. American Airlines, Inc.*, No. Civ. 1996-0152, 2000 WL 34205757 at *2 (D.V.I. Aug. 28, 2000) (*citing Restatement (Second) Conflict of Laws* § 146 cmt. c). As this Court previously has found, a plaintiff's residency is insufficient to establish a "more significant relationship." *Benjamin v. Eastern Airlines, Inc.*, 18 V.I. 516, 520 (D.V.I. 1981) (*cited in Berry*, 2000 WL 34205757 at *2). As in *Benjamin*, the only contact the Virgin Islands has with the instant

action is the residency of Plaintiff. The alleged injury occurred in Washington, D.C.;

Defendant is a Delaware corporation with corporate offices in Chicago, Illinois, with no

offices or any other property or contacts in the Virgin Islands, the place where the

relationship between the parties is centered is Washington, D.C. Amended Memorandum

in Support at 10-11. Thus, the Virgin Islands does not have a "more significant

relationship" for conflict of laws purposes. *See, e.g., Benjamin*, 18 V.I. at 520 (where the

court states that the factors to be considered when determining whether another forum has

a "more significant relationship" include: "the place where the injury occurred, the place

where the conduct causing injury occurred, the domicile, residence, nationality, place of

incorporation and place of business of the parties, and the place where the relationship

between the parties is centered") (*citing Restatement (Second) of Conflict of Laws* § 145 (1971)).

Accordingly, this factor weighs in favor of transferring the case to Washington, D.C., where

the alleged injury occurred.

It is clear that this matter does not center on a local controversy. When considering,

as the *Kendricks* court did, the "relationship of the respective communities to which the

jurors are required to serve to the occurrences that give rise to the instant litigation," 2008

WL 3914135 at *8, the Court finds that the citizens of the District of Columbia have a much

greater interest in the just and fair resolution of this case. *See, e.g., Mediterranean Golf, Inc.*

*v Hirsh*, 783 F. Supp. 835, 849-50 (D.N.J. 1991); *see also Ricoh*, 817 F. Supp. at 486 (where District Court of New Jersey found that "[b]ecause Minnesota is the locus of the majority of alleged culpable conduct, Minnesota has a strong public interest in adjudicating" the dispute).  It does not appear that any comparable public interest exists in resolving this matter in St. Croix. St. Croix jurors should not be burdened with adjudicating a matter concerning conduct which was localized in Washington, D.C.  *See, e.g., id.* at 487. Accordingly, the Court finds that the residents of the District of Columbia have a more significant interest in resolving this matter and should shoulder the responsibility of jury duty.

## Conclusion

Based upon the foregoing, the only relevant factors against transfer are Plaintiff's original choice of forum, access to records and documents, and, the ability of Defendant to better able to absorb the cost of litigating in this forum.  Because none of those factors are accorded much weight, the Court finds that the balance of all the factors strongly weighs in favor of transfer.  *Kendricks*, 2008 WL 3914135 at *8; *see also Kressen v. Federal Ins. Co.*, 122 F. Supp. 2d 582, 589-90 (D.V.I. 2000).

Accordingly, it is now hereby **ORDERED**:

1.    Defendant Hyatt Corporation's Motion to Transfer Due to Forum Nonconviens [sic] (Docket No. 3) is **GRANTED**.

2.    This matter is **TRANSFERRED** to the United States District Court for the District of Columbia, and the Clerk of Court shall forward a copy of the file in this matter to said court.

3.    The operation of this order is **STAYED** for ten (10) days to allow any appeal or until the resolution of any appeal that may be filed, whichever occurs later.

ENTER:


Dated: December 21, 2009                    /s/ George W. Cannon, Jr.
                                            GEORGE W. CANNON, JR.
                                            U.S. MAGISTRATE JUDGE